IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CHRISTOPHER C. DeGROAT, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170233G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

This case concerns a deduction for legal fees for tax advice and the modification of spousal support payments under Internal Revenue Code (IRC) section 212. Plaintiff appealed Defendant's assessment of additional tax for 2013. The parties requested that the court decide this case without a trial and submitted cross-motions for summary judgment. Because Plaintiff's evidence does not suffice for the court to allocate between deductible and nondeductible legal expenses, his appeal is denied.

## I. STATEMENT OF FACTS

In 2013, Plaintiff's lawyer billed him $19,775. (Def's Mot Summ J, Ex B.) Plaintiff described the lawyer fees as having been "generated from tax advice related to divorce, modification of spousal support, and the production of income (as required with modification of spousal support and several trials on record with The Clackamas County Courthouse for the State of Oregon)." (Ptf's Mot Summ J at 2.) Although neither party stated whether Plaintiff paid or received alimony, Defendant's briefs imply that Plaintiff was the payor spouse. (*Cf*. Def's Mot Summ J at 2.)

---

[1] This Final Decision incorporates without change the court's Decision, entered January 4, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Each invoice from Plaintiff's lawyer had a caption that included the following statement: "Matter: Post Dissolution DR10070551." (*See* Def's Mot Summ J, Ex B.) The specific services performed by the lawyer were not listed; each invoice had a single line item for lawyer time similar to the following (from January): "Total Attorney Fees, 36.1 hrs, $7220.00." The invoices also contained line items for costs; again, the January line items are typical: "Filing Fee Show Cause $150; Service Fees $40." (Def's Mot Summ J, Ex B at 1.) Total costs for all months provided were $415. (*See* Def's Mot Summ J, Ex B) The invoices report payments of $2,430 on the balance over the course of 2013, beginning with $1,250 deducted from the lawyer's trust account in January. (*See id.*)

On his 2013 Schedule A, under "other expenses," Plaintiff itemized $19,775 with the comment "legal fees re alimony." (Ptf's Mot Summ J, Ex A.) Based on the pleadings, it appears that Plaintiff's claimed deduction for legal fees was disallowed at audit and conference. Defendant's Notice of Assessment states that it also assessed a failure-to-pay penalty.

Plaintiff requested that his deduction for legal fees be allowed and that the failure-to-pay penalty be removed.[2] Defendant requested that its Notice of Assessment be upheld.

II. ANALYSIS

The issue is whether Plaintiff's legal fees in 2013 were deductible under IRC section 212. Because Plaintiff seeks an order overturning Defendant's assessment, Plaintiff must bear the burden of proof by a preponderance of the evidence. *See* ORS 305.427.

/ / /

/ / /

_____

[2] Plaintiff's Complaint also requested that his court filing fee be waived. Fee waiver requests are considered independently of the merits of an appeal. To request a fee waiver, a plaintiff must complete and file the court's form *Application and Declaration for Deferral or Waiver of Filing Fee*. Fee waiver applications may be filed without providing copies to opposing parties.

Subject to exceptions not pertinent here, taxable income in Oregon is identical to taxable income under federal law. ORS 316.022(6); ORS 316.048.[3] Thus, deductions that reduce taxable income under the IRC also reduce taxable income under Oregon law. So far as practicable, Oregon follows the "administrative and judicial interpretations of the federal income tax law." ORS 314.011(3).

IRC section 212 allows a deduction for "nonbusiness expenses" as follows:

> "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
>
> "(1) for the production or collection of income;
>
> "(2) for the management, conservation, or maintenance of property held for the production of income; or
>
> "(3) in connection with the determination, collection, or refund of any tax."

See also Treas. Reg. § 1.212–1(a). Thus, to qualify for the deduction, expenses must be paid or incurred by the taxpayer during the taxable year for one of the enumerated purposes, and they must be ordinary and necessary.

A.    *Paid or Incurred During the Taxable Year*

The requirement that expenses be "paid or incurred during the taxable year" is common to both IRC sections 162 and 212. IRC section 7701(a)(25) gives a rule of construction regarding the phrase "paid or incurred" that applies generally throughout the Code and requires looking at "the method of accounting upon the basis of which the taxable income is computed." With respect to IRC section 162, the courts have held that a cash-basis taxpayer may not deduct a business expense until actual payment is made, regardless of when the debt was incurred. *Helvering v. Price*, 309 US 409, 413, 60 S Ct 673, 675, 84 L Ed 836 (1940). Given the common

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

phrase and the common rule of construction, it is reasonable to conclude that the same rule applies to IRC 212 as well—and the U.S. Tax Court has in fact done so. *See Walter v. Commissioner*, 38 TCM (CCH) 594 (US Tax Ct 1979). Therefore, a cash-basis taxpayer may only take a deduction under IRC section 212 for expenses in the year actual payment is made.

The evidence in the present case shows that Plaintiff incurred $19,775 in lawyer fees and made payments totaling $2,430 over the course of the year at issue. Although the lawyer's statements did not provide the dates of the payments, it is more likely than not that they were all made in 2013. The January 2013 statement did not carry over a prior balance, and the January 2013 payment was made directly from the lawyer's client trust account. All subsequent statements reporting payments were dated in 2013.

Because Plaintiff did not provide evidence that he was an accrual-basis taxpayer, he has not shown that he "paid or incurred" more than the payments reflected on the statements. For a cash-basis taxpayer, lawyer fees are not incurred expenses until the lawyer is paid, and Plaintiff provided no evidence of any further payments to the lawyer. Therefore, Plaintiff's maximum deduction for the lawyer fees would be calculated from his payments totaling $2,430, assuming the expense otherwise satisfied the conditions of IRC section 212.

B.      *Purpose of Lawyer Fees*

IRC section 212(3) allows a deduction for expenses paid "in connection with the determination, collection, or refund of any tax." Among such deductible expenses are fees for tax advice from a lawyer: "[E]xpenses paid or incurred by a taxpayer for tax counsel * * * are deductible." Treas. Reg. § 1.212-1(l). Litigation expenses for determining tax liability are also deductible. *Id*.

/ / /

The deductibility of other litigation expenses depends on whether the claim arises from a taxpayer's profit-seeking activities. *United States v. Gilmore*, 372 US 39, 48–49, 83 S Ct 623, 9 L Ed 2d 570 (1963). If the origin of the claim lies in the taxpayer's profit-seeking activity, it is deductible; otherwise, it is a nondeductible personal expense. *Id.* Litigation expenses incident to a divorce are generally nondeductible personal expenses. *Id.*; *Hicks Co., v. Commissioner*, 56 TC 982, 1023 (1971), *aff'd*, 470 F2d 87 (1st Cir 1972).

As an exception in the area of divorce litigation, the courts have allowed a deduction to the recipient of taxable alimony for the expenses incurred in collecting it. *Wild v. Commissioner*, 42 TC 706, 711 (1964). However, no corresponding deduction is allowed to the payor of alimony for expenses incurred in reducing alimony payments. *Hunter v. United States*, 219 F2d 69, 70 (2d Cir 1955); *Sunderland v. Comissioner*, 36 TCM (CCH) 512 (US Tax Ct 1977).

Where a lawyer's fees include charges for both tax advice and other services, any amount allocable to tax advice may be deducted. *Carpenter v. United States*, 338 F2d 366, 370 (Ct Cl 1964) (allowing deduction for portion of lawyer's fees for divorce proceeding attributable to tax advice). However, if there is no evidence in the record to support an allocation, a deduction will be disallowed. *See McDonald v. Commissioner*, 52 TC 82, 89 (1969) (denying legal fee deduction where record was "absolutely barren of evidence as to what amount if any was spent for deductible legal advice").

Here, Plaintiff's statement in his brief attributing all his legal fees to tax advice is not consistent with the litigation costs shown on the lawyer's invoices. Filing fees and service fees are incidents of a court proceeding. No evidence suggests that those other legal services— apparently connected with the modification of spousal support—arose from Plaintiff's profit-seeking activity, as opposed to his marital relationship. Plaintiff nowhere asserts that he was the

recipient of alimony, and Defendant's brief—to which Plaintiff had an opportunity to respond—clearly implied the contrary. On the balance of the evidence, it appears that at least some portion of Plaintiff's legal fees were for nondeductible divorce-related litigation rather than for tax advice.

Plaintiff could be allowed a deduction for the portion of his legal fees attributable to tax advice if the evidence allowed the court to allocate those expenses. Here, the record is "absolutely barren" of such evidence. Plaintiff's lawyer's invoices provide no information about what portion of the fees are for tax advice, nor did Plaintiff's lawyer testify as to the proportion of his time spent on tax advice.

### III. CONCLUSION

Plaintiff has not carried his burden of proving what portion of the lawyer fees he paid was deductible. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of January, 2018.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on January 23, 2018.*